**UNITED STATES of America,
Appellee,**

v.

**Ulysses HARRIS, Appellant.**

**No. 71–1104.**

United States Court of Appeals,
Eighth Circuit.

Dec. 29, 1971.

Daniel P. Reardon, St. Louis, Mo., for appellant.

Daniel Bartlett, Jr., U. S. Atty., Harry L. Strachan, Sp. Atty., Dept. of Justice, St. Louis, Mo., and Roger A. Pauley and Peter A. Chapin, Attys., Dept. of Justice, Washington, D. C., for appellee.

Before GIBSON, BRIGHT and ROSS, Circuit Judges.

PER CURIAM.

This is an appeal from the conviction of Ulysses Harris under a single count indictment charging him with willfully and knowingly possessing "a firearm, a J. C. Higgins 16 gauge shotgun, after having been convicted of a felony by a court of the United States." We reverse the judgment of conviction.

Agents of the U. S. Treasury Department went to the home of Harris on September 1, 1970, to question Harris concerning the purchase of .32 caliber pistol ammunition. The agents were aware that Harris had purchased the ammunition and that prior thereto, he had been convicted in federal court on a felony charge of the sale and delivery of a depressant or stimulant drug. Prior to questioning Harris, Agent Anderson advised Harris of his right to remain silent, that anything he said could be used against him in court, that he had a right to counsel, including the right to have counsel appointed if he could not afford one, and of his right to stop the questioning at any time. Anderson asked if he wished to answer questions, and Harris responded that "Maybe I better consult my attorney before I sign this." Anderson agreed to this procedure, but then Harris stated: "Well, wait a minute. Am I charged with a crime?" Anderson said he was not, that he wasn't under arrest and that Anderson did not intend to arrest him unless "something unforeseen comes up. I do wish to ask you some questions about what you may or may not have done." Harris then signed the waiver and talked to Anderson.

It then developed that Harris had purchased the .32 caliber ammunition on February 22, 1970, for a Luger pistol, but since the .32 caliber ammunition would not work in the Luger pistol, Harris had disposed of it. Anderson asked Harris if he owned any other guns and Harris admitted owning a 16 gauge shotgun which he showed to Anderson. Anderson then advised Harris that possession of a shotgun by a convicted felon was in violation of the Omnibus Crime Control Act of 1968 and confiscated the weapon. Harris was then indicted as heretofore set forth.

■ On appeal, Harris raises two issues. The first is that he was convicted solely on self-incriminating evidence elicited in violation of his rights under the fifth amendment. This issue is clearly without merit. Harris was properly warned, considered and then rejected the idea of consulting an attorney, signed the waiver form, admitted owning the shotgun and voluntarily produced it.

■ The second point raised by Harris on appeal is that the Government failed to allege and prove that his possession of the gun was in or affected commerce as required by 18 U.S.C. Appendix, § 1202(a). This question has recently been determined by the Supreme Court in the case of United States v. Bass, 404 U.S. 336, 92 S.Ct. 515, 30 L.Ed.2d 488 (1971). In that case, the Supreme Court determined that under the statute it is necessary to show a nexus with interstate commerce with respect to all three of the offenses set forth in the statute.

In this case, the Government, relying on prior decisions of this Circuit and others, did not show any nexus with interstate commerce in connection with the possession of the shotgun by Harris.

For this reason, the judgment of conviction is reversed and the case remanded with instructions to enter a judgment of acquittal. Mandate shall issue forthwith.